UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**FLORENCE AYERS**

    **Plaintiff,**

                                  **JURY TRIAL DEMANDED**

**vs.**                                          **NO. _____**

**EMPIRE FIRE AND MARINE INSURANCE
COMPANY, and
ZC STERLING INSURANCE AGENCY
INCORPORATED**

    **Defendants.**

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF THE TENNESSEE
CONSUMER PROTECTION ACT AND BREACH OF THE DUTY OF GOOD FAITH
AND FAIR DEALING**

      **COMES NOW**, Plaintiff, Florence Ayers, for her claim against Defendants Empire Fire and Marine Insurance Company, a subsidiary of Zurich Financial Services Group, (hereinafter "Empire") and ZC Sterling Insurance Agency Incorporated (hereinafter "ZC Sterling") and alleges, upon information and belief, as follows:

                        **I.**      **JURISDICTION AND VENUE**

      1.      Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1332(a)(1) as this suit arises between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

2. The claims for relief arise from an insurance contract, policy numbers ZHO59596-6 and ZHO59596-7, concerning property located at 903 Haywood Street, Brownsville, Haywood County, Tennessee 38012 (hereinafter "Insured Property"). The contract arose in Brownsville, Haywood County, Tennessee within the jurisdiction of the United States District Court for the Western District of Tennessee, Eastern Division.

## II.   PARTIES

3. Plaintiff Florence Ayers is a female adult citizen of the United States who resides at 415 North Lafayette, Apartment 6, Brownsville, Haywood County, Tennessee 38012.

4. Defendant Empire, upon information and belief, is a subsidiary of Zurich Financial Services Group. Empire is a for profit insurance provider and a Nebraska corporation with its principal place of business located at 13810 FNB Parkway, Omaha, Nebraska 68154. Upon information and belief, Defendant Empire is not licensed to transact business in the State of Tennessee.

5. Defendant ZC Sterling is a for profit California corporation providing program administration services to insurance companies. ZC Sterling is duly licensed to transact business in the State of Tennessee, with its principal place of business located at 210 Interstate Parkway, Suite 400, Atlanta, Georgia 30339.

6. Defendant ZC Sterling's registered agent for service of process is Corporation Service Company located at 2908 Poston Avenue, Nashville, Davidson County, Tennessee 37203.

### III.    FACTS AND ALLEGATIONS

7. In 2007, Plaintiff entered into an agreement for homeowner's insurance with Defendant Empire. Defendant ZC Sterling acted as Plaintiff's insurance agent. The resulting policy number, ZHO59596-6, became effective May 15, 2007 and expired on May 15, 2008 (hereinafter "Policy 1").

8. In 2008, Plaintiff renewed her homeowner's insurance agreement with Defendant Empire. Defendant ZC Sterling acted as Plaintiff's insurance agent. The resulting policy number, ZHO59596-7, became effective May 15, 2008 and expired on May 15, 2009 (hereinafter "Policy 2").

9. Plaintiff was in good payment standing with regard to both Policy 1 and Policy 2 throughout their respective effective dates.

10. On September 20, 2007 the Insured Property was heavily damaged by a violent storm. This storm left the Insured Property exposed to the elements and vulnerable to water and wind damage.

11. Plaintiff submitted Claim Number 07-53397 to Empire detailing the damage to the Insured Property in a timely and appropriate manner.

12. From September 20, 2007 to January 10, 2008, the condition of the Insured Property continued to deteriorate, including the decay of the wood frame of the house and the proliferation of mold.

13. From September 20, 2007, to January 10, 2008, Plaintiff continued to live in the Insured Property intermittently, despite its unsafe and damaged condition, because Empire refused to fully provide for Plaintiff's temporary housing needs during this time period. Empire

asserted that the Insured Property was habitable. However, on each occasion that Plaintiff attempted to live in the Insured Property, she became seriously ill soon after moving back in.

14. Upon information and belief, Plaintiff began to suffer from serious respiratory ailments and other medical conditions caused by mold and the exposure of the Insured Property to outside weather elements.

15. In late December 2007, Plaintiff's doctor concluded that the uninhabitable conditions of the Insured Property were contributing to Plaintiff's poor health and advised Plaintiff to permanently move out of the Insured Property.

16. Subsequently, Plaintiff did permanently move out of the Insured Property to preserve her remaining health and has never returned.

17. A fire occurred in the Insured Property on January 10, 2008 when a Christmas tree caught fire. At this time, Plaintiff was not living in the home. Upon information and belief, the fire was caused when electrical cords powering the Christmas tree lights became wet from a nearby open and broken window. Upon information and belief, the broken window was caused by the September 9, 2007 storm.

18. Plaintiff submitted Claim Number 08-50253 in a timely and appropriate manner to Empire detailing fire damage and personal property losses.

19. On February 6, 2008, the Insured Property was burglarized due to its vulnerable state. The windows and doors had not been boarded up after the 2007 storm and 2008 fire. Plaintiff filed Claim Number 08-51967 with Empire detailing items lost during the burglary. However, Defendants denied her claim in its entirety.

20. On June 2008, Defendants issued or caused to be issued approximately $45,000 to Plaintiff's mortgage company, Indymac, in partial satisfaction of Plaintiff's damage claims from both the 2007 storm and the 2008 fire.

21. These funds were allocated to complete all needed repairs to the Insured Property, but were wholly insufficient as the Insured Property was so damaged as to be beyond repair.

22. However, Plaintiff located a local contractor willing to attempt repair of the Insured Property notwithstanding the insufficient amount allocated by Defendants.

23. Despite the contractor's written agreement with Plaintiff to repair the Insured Property, acceptance of a down-payment of approximately $15,000 and Plaintiff's purchase of over $15,000 worth of building materials for the repair project, the contractor refused to commence or complete the promised repairs.

24. Although the contractor returned the down payment to Plaintiff, upon information and belief, the contractor converted all of the purchased building materials to his personal possession and use without any compensation to Plaintiff.

25. Plaintiff filed claim number 09-50422 with Empire detailing the items converted by the contractor in addition to a criminal report and a civil suit against the contractor. Empire denied the claim and advised Plaintiff to retrieve the items from the contractor's storage place of her own accord.

26. Defendants have failed to fully compensate Plaintiff for damage to her home caused by the storm and then the fire.

27. Defendants have failed to fully compensate Plaintiff for loss of the use of the Insured Property, having terminated payment of temporary housing services for Plaintiff although the Insured Property has yet to be repaired.

28. On at least two occasions, Defendants refused to compensate Plaintiff for losses caused by theft at the Insured Property.

29. Defendants have not compensated Plaintiff for irreversible injury to her health caused by living in the Insured Property in an uninhabitable condition. This was caused by Defendants unwillingness to pay for Plaintiff's temporary housing.

## IV. CAUSES OF ACTION

### A. COUNT ONE

30. Plaintiff repeats and re-alleges each and every allegation and/or statement contained in the paragraphs numbered "1" through "29", as if fully set forth herein.

31. Plaintiff fully complied with all of her obligations under Policy 1.

32. Defendants failed to provide a sufficient amount of funds to return the Insured Property to a habitable and safe condition, as agreed in Defendants' contract with Plaintiff.

33. Defendants' estimate of the cost of repairing the Insured Property was not supported by reality.

34. Alternatively, Defendants failed to find that the Insured Property was too damaged to be salvaged.

35. Defendants did not provide sufficient funds to demolish the existing structure and build a new home in its place, as agreed in Defendants' contract with Plaintiff.

### B. COUNT TWO

36. Plaintiff repeats and re-alleges each and every allegation and/or statement contained in the paragraphs numbered "1" through "29", as if fully set forth herein.

37. Plaintiff fully complied with all of her obligations under Policy 1.

38. Defendants failed to compensate Plaintiff for all of her personal property losses, whether due to the 2007 storm, the 2008 fire, or the 2008 thefts.

39. This was in breach of their contractual agreement to provide the same.

### C. COUNT THREE

40. Plaintiff repeats and re-alleges each and every allegation and/or statement contained in the paragraphs numbered "1" through "29", as if fully set forth herein.

41. Plaintiff fully complied with all of her obligations under Policy 1.

42. Defendants refused and continue to refuse to fully compensate Plaintiff for temporary housing while the Insured Property remains in an uninhabitable condition.

43. This was and is in breach of their contractual agreement to provide the same.

44. Furthermore, Defendants' refusal to fully pay for temporary housing forced Plaintiff to live in the Insured Property in an uninhabitable condition, causing her emotional and physical injury, pain and suffering.

### D. COUNT FOUR

45. Plaintiff repeats and re-alleges each and every allegation and/or statement contained in the paragraphs numbered "1" through "29", as if fully set forth herein.

46. Plaintiff seeks damages against Defendants Empire and ZC Sterling as provided in Tenn. Code Ann. § 56-7-105, as a result of Defendants' bad faith refusal to pay Plaintiff's complete loss within sixty days after Plaintiff made such demand.

47. Defendants knew or should have known that their refusal to provide temporary housing to the Plaintiff, causing her to live in the uninhabitable Insured Property, exposed the Insured Property to further damage and caused Plaintiff to suffer mental anguish, physical pain and suffering.

48. Defendants knew or should have known that their lengthy delay in repairing the Insured Property exposed the Insured Property to further damage and caused the Plaintiff to suffer mental anguish, physical pain and suffering.

49. Defendants were notified by the Plaintiff on numerous occasions that the insurance coverage offered by the Defendants was insufficient to repair the Insured Property, that the condition of the Insured Property was deteriorating due to the delay in repair and that the uninhabitable condition of the Insured Property caused the Plaintiff to suffer serious, lingering health problems whenever she attempted to live there.

### D.   COUNT FIVE

50. Plaintiff repeats and re-alleges each and every allegation and/or statement contained in the paragraphs numbered "1" through "29", as if fully set forth herein.

51. Plaintiff seeks treble damages and attorney's fees against Defendants Empire and ZC Sterling under the Tennessee Consumer Protection Act, Tenn. Code Ann. §§47-18-101 *et. seq.*, as a result of Defendants' representations through its agents that Policy 1 and Policy 2 would provide coverage for property damage like that caused by the September 20, 2007, storm, the January 10, 2008 fire, and the 2008 personal property thefts, when Defendants knew or should have known that Defendants would not provide coverage, and also as a result of Defendants' misrepresentations through its agents that Defendants would cover Plaintiff's storm losses, when Defendants knew they did not intend to cover those losses.

52. Defendants' violation of the Tennessee Consumer Protection Act proximately caused actual damages to the Plaintiff in an amount exceeding $100,000.00 which, by virtue of the statute, are trebled to at least $300,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Florence Ayers, prays that this Court, after a trial by jury, award the following relief:

1. That proper process be issued and served upon the Defendants and that Defendants be required to answer this Complaint;

2. That Plaintiff be awarded compensatory and punitive damages from Defendants in an amount not to exceed $1,000,000.00;

4. That the Court award Plaintiff her costs in this action together with attorneys' fees;

5. That the Court award Plaintiff both pre and post-judgment interest on any award of damages to the fullest extent allowed by law;

6. That the Court award such other and further relief, both legal and equitable, to which Plaintiff is entitled under the circumstances.

        Respectfully submitted,

        BY: /s/ Florence M. Johnson
        Florence M. Johnson (#15499)

        BY: /s/ Kimkea Lachea Harris
        Kimkea Lachea Harris (#18686)

        374 Madison Avenue
        Memphis, TN 38104
        Phone: (901) 522-8900
        Fax: (901) 522-8219

*Attorneys for Plaintiff Florence Ayers*