IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-01204-JDB-egb |
| | ) | |
| | ) | |
| EMPIRE FIRE AND MARINE | ) | |
| INSURANCE COMPANY, and | ) | |
| ZC STERLING INSURANCE | ) | |
| AGENCY INCORPORATED | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON MOTION TO ENFORCE JUDGMENT

Before the Court is Defendant's Motion to Enforce Settlement Agreement filed on April 13, 2010 [D.E.18].  This matter has been referred to the Magistrate Judge for determination and/or report and recommendation. The Magistrate Judge conducted a hearing on April 21, 2010.  Both counsel for the Defendant and pro se Plaintiff appeared.

BACKGROUND

Plaintiff, represented by attorneys Florence M. Johnson and Kimkea Lachea Harris, filed her lawsuit on September 21, 2009 [D.E.1].  Plaintiff's home was insured by Defendant Empire Fire and Marine Insurance Company ("Defendant Empire").  Defendant ZC Sterling was Plaintiff's insurance agent.  During the time of this homeowner's insurance coverage, Plaintiff's home was damaged by a storm on September 20, 2007, had a fire on January 10, 2008 and was burglarized on February 6, 2008.  In her suit, Plaintiff asserted claims of breach of contract, negligent infliction of emotional distress, violation of the Tennessee Consumer Protection Act and breach of the duty of

good faith and fair dealing, and sought compensatory and punitive damages of $1,000,000.  Her attorneys petitioned to withdraw as her counsel [D.E. 4 and 9] stating they were "unable to agree on the proper administration of this matter, and have reached an impasse."  The Court approved their Motion on November 13, 2009 [D.E. 14].  Plaintiff has been pro se since that time.

<u>HEARING</u>

In her statements to the Court during the hearing held on April 21, 2010, Plaintiff indicated that she had purchased this 2,100 square foot home in 1984 for approximately $8,000.  Further, Plaintiff stated that she now owes approximately $44,000 to her mortgage company, which is holding roughly $38,000 of the insurance proceeds paid by Defendant Empire.  Plaintiff testified that she was dissatisfied with Defendants' handling of her claims and of being taken advantage of by the contractor she had selected to repair her home.  This Court does not address the latter contractor issue.

The Court found that Plaintiff lived and worked in Memphis until she "moved to the country" in Haywood County and bought the house at issue. She has worked various jobs including bookkeeper and has a two-year associate's degree.  Additionally, Plaintiff appeared more than capable of understanding and communicating in this matter before the Court.

Through his affidavit filed with this Motion and during the hearing, Defendants' counsel provided additional history: prior to his involvement in this case, Plaintiff had been paid approximately $84,600 for the contents of her home, around $50,000 for damage to her home (as mentioned above, her mortgage company holds most of these funds) and some $3,400-$5,000 for theft losses.  Mr. Pulliam, an attorney with the Wyatt Tarrant & Combs law firm, has taken Plaintiff's examination under oath for Defendant Empire.  Further, Defendants' counsel became involved afterwards and attempted to settle the case.  On November 10, 2009, he

contacted Plaintiff's attorneys and was advised that they had withdrawn.  Thereafter, he had

several conversations with Plaintiff.  He offered Plaintiff an additional $25,000 which she

declined.  He then offered $35,000, but she asked for more.  After counsel related he could not

raise the offer, Plaintiff accepted it on November 20, 2009.  Counsel then had a delivery service

personally handle the transfer of settlement documents [D.E. 18.l], which included the Notice

of Dismissal [D.E. 18], a letter of explanation of the settlement of all claims (Exhibit B), the

release (Exhibit C) and a $35,000 check (Exhibit D), with instructions for the carrier to observe

Plaintiff signing the documents and when she did, to give her the check.  Because she was pro

se, counsel also requested the delivery service to have her initial each of the paragraphs

numbered 1-11 in the release so as to be certain she read these.  The documents all have been

signed by Plaintiff.  The check was endorsed on November 25, 2009.

ANALYSIS

A district court has the authority to enforce an agreement to settle litigation pending before

it.  *See Bostick Foundry Co. v. Lindberg,* 797 F.2d 280, 282- 83 (6th Cir. 1986).  However,

"[b]efore enforcing a settlement, a district court must conclude that agreement has been reached on

all material terms."  *Re/Max Intl, Inc.* v. *Realty One, Inc.* 271 F.3d 633, 645-46 (6th Cir. 2001).

Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been

incorporated into a judgment. *Clinton St. Greater Bethlehem Church v. City of Detroit,* 484 F.2d

185, 189 (6th Cir. 1973).

This Court finds the above-described documents clearly confirm a final settlement of all

of Plaintiff's claims in this case, that Plaintiff knowingly signed each of these settlement

documents which were clear and unambiguous, and that an agreement had been reached

between Plaintiff and Defendants on all material terms.  Plaintiff, in disputing that a settlement

3

was reached, is attempting to seize on events subsequent to the parties' agreement to settle her claims. Namely, after settlement agreement was entered into, conversations took place with the clerk and staff of this Court over Defendants' counsel's attempt to file the Notice of Dismissal (as opposed to the pro se plaintiff filing it). The Notice was not accepted for filing, and Plaintiff then refused to sign a joint stipulation of dismissal that Defendants' counsel had prepared. This Court, however, has no doubt that Plaintiff fully understood the terms of the settlement and fully agreed to them. Accordingly, the Magistrate Judge recommends that Defendant's Motion to Enforce Settlement Agreement be granted.

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   <u>May 13, 2010</u>

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**