IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FLORENCE AYERS,

    Plaintiff,

v.                                   No. 09-1204 B

EMPIRE FIRE AND MARINE INSURANCE
COMPANY, et al.,

    Defendants,

_____

ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT, AND
DISMISSING CASE
_____

        Before the Court is the April 13, 2010 motion of the Defendants, Empire Fire and Marine Insurance Company ("Empire") and ZC Sterling Insurance Agency Incorporated ("ZC Sterling"), to enforce a settlement agreement entered into in this matter. In a report and recommendation entered May 13, 2010, the magistrate judge recommended that the motion be granted. On May 27, 2010, the Plaintiff, Florence Ayers, who is proceeding *pro se*, filed objections to the report and recommendation.

        In ruling on objections to a report and recommendation, the Court is required to make a *de novo* review upon the record of those portions of the magistrate judge's report and recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Under such a review, the district judge may accept, reject, or modify any of the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

        The Plaintiff's complaint was filed on September 21, 2009, at which time she was represented by attorneys Florence M. Johnson and Kimkea L. Harris. According to her pleading, Ayers' home

was insured by Defendant Empire and ZC Sterling was her insurance agent. During the coverage period, her home was damaged by a storm in September 2007 and a fire in January 2008. The residence was also burglarized in February 2008. Ayers alleged herein breach of contract, breach of duty of good faith and fair dealing, negligent infliction of emotional distress, and violation of the Tennessee Consumer Protection Act. The Plaintiff sought compensatory and punitive damages in the amount of $1 million.

On November 13, 2009, the Court granted her attorneys' motion to withdraw as counsel based on their assertion that "differences, including client responsiveness, cooperation, interaction with present counsel, and financial response, [had] arisen which [made] it impossible" for them to continue representation. (Renewed Mot. to Withdraw from Representation of Pl. Florence Ayers, Supp. Mem. & Certificate of Consultation at 1.) Thereafter, the Plaintiff acted as her own attorney.

The instant motion was referred to the magistrate judge on April 21, 2010 for determination and/or report and recommendation. A hearing was conducted on the same day. Ayers advised the magistrate judge that she purchased her 2,100 square foot home in 1984 for approximately $8,000 and now owes about $44,000 to the mortgage company, which is currently holding around $38,000 of the insurance proceeds paid by Empire. Evidence was adduced indicating that Plaintiff held a two-year associate's degree and had worked at various jobs in Memphis, Tennessee, including a bookkeeper position. It was the determination of the magistrate judge that she appeared more than capable of understanding and communicating in the matter before the Court.

Defendants' attorney, H. Frederick Humbracht, Jr., stated at the hearing and in an affidavit filed contemporaneously with the motion that, prior to his involvement in the case, Ayers was paid approximately $50,000 for damage to her home, $84,600 for the contents thereof, and $3,400 to

$5,000 for theft losses. However, the Plaintiff insisted she was entitled to additional payment. During the claims-handling phase, the Defendants were represented by Attorney Andy Pulliam. This lawsuit was filed when no additional payments were forthcoming.

Upon entering the case and subsequent to the withdrawal of Plaintiff's counsel, Humbracht had numerous discussions with Ayers. He offered an additional $25,000, which she declined. He raised the offer to $35,000, but the Plaintiff remained unsatisfied. After Humbracht informed Ayers he could give her no more, she accepted the $35,000 on November 20, 2009. Settlement documents, including a notice of dismissal, a letter of explanation of the settlement of all claims, a release form and a check in the amount of $35,000, were personally delivered to the Plaintiff. It is undisputed that she signed the release form and endorsed the check.

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973) (citations omitted). "Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out. Courts, therefore, should uphold settlement agreements whenever equitable and policy considerations allow." Bobonik v. Medina Gen. Hosp., 126 F. App'x 270, 273 (6th Cir. 2005) (citing Aro Corp. v. Allied Witan Co., 531 F.3d 1368, 1372 (6th Cir. 1976)) (internal citations & quotation marks omitted). "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 645-46 (6th Cir. 2001), *cert. denied*, 535 U.S. 987, 122 S. Ct. 1539, 152 L. Ed. 2d 466 (2002) (citing Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988)). "If the parties

3

reached agreement on all material terms, then existing precedent dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." Henley v. Cuyahoga County Bd. of Mental Retardation & Dev. Disabilities, 141 F. App'x 437, 443 (6th Cir. 2005), *reh'g en banc denied* (Oct. 12, 2005) (citing Brown v. County of Genesee, 872 F.2d 169, 174 (6th Cir. 1989)) (internal quotation marks omitted). "More importantly, once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake." Id. (citing Brown, 872 F.2d at 174).

The magistrate judge found the documents confirmed that a final settlement as to all claims had been made by the Plaintiff and that she had knowingly signed the documents, which were clear and unambiguous. Therefore, he concluded, agreement had been reached on all material terms. Subsequent events in the form of the Clerk of Court's rejection of the notice of dismissal for filing by Defendants' counsel, which did not contain his signature, followed by Plaintiff's refusal to sign a joint stipulation of dismissal prepared by the Defendants' attorney which would have dismissed the case did not, in his view, alter his determination.

The release executed by the Plaintiff contained the following agreement among the parties:

1.      Ms. Ayers shall execute a Notice of Dismissal, dismissing with prejudice, all claims asserted or which could have been asserted in the Suit. A copy of the Notice of Dismissal is attached as Exhibit A hereto. Upon execution of Exhibit A, Ms. Ayers authorizes counsel for ZC Sterling and Empire to file the Notice of Dismissal with the Clerk of the United States District Court to obtain dismissal of the Suit. Each party will bear their own costs.

2.      Ms. Ayers does hereby acknowledge full and complete satisfaction of, and does hereby release ZC Sterling Insurance Agency, Inc., and Empire Fire and Marine Insurance Company, their officers, directors, employees, agents, parent companies, subsidiaries, attorneys, insurers, and reinsurers, from any and all claims, demands, suits, obligations, costs, damages, losses, injuries, actions, causes of action of any nature, in contract or in tort, statutory or at common law, for property damage, loss of property, loss of use of property or for personal injury, known or unknown,

suspected or unsuspected, fixed or contingent, in law or in equity, that she now has, claims to have or in the future may have against ZC Sterling Insurance Agency, Inc. and Empire Fire and Marine Insurance Company, arising from or relating to the issuance of the Policy, the handling of the Claims, the termination or non-renewal of the Policy or any matters that were asserted or which could have been asserted in the Suit.

3.      Ms. Ayers does hereby acknowledge that she understands and assumes the risk that she may suffer losses, damage, or injuries which are unanticipated by her or unknown to her at the time of the execution of this Release and she agrees that this Release shall apply to all unknown and all unanticipated results and assumes the risk that acts, omissions, matters, causes or things may have occurred that she does not know or does not suspect to exist.

4.      Ms. Ayers understands and agrees that this Release is the product of informed negotiations and involves a compromise of previously stated legal positions and claims asserted under the Policy.  Ms. Ayers understands that the payment of any sums hereunder does not constitute an admission or concession of any liability or obligation by ZC Sterling or Empire, but is merely a payment to achieve certainty and to avoid further costs and expense of litigation, and not for any other reason.

5.      Ms. Ayers understands and agrees that this Release constitutes the entire agreement between her and ZC Sterling and Empire with respect to the subject matter hereof, and supersedes all discussions, agreements, representations, promises, and understandings, both written and oral, with respect hereto.

6.      Ms. Ayers states that this Release and the acceptance of the sum of $35,000 by her is the product of her own free will, knowingly made, and that she has not been coerced or induced to accept said sum and to execute this Release by any actions by or on behalf of ZC Sterling and Empire other than their offer to pay the sum of $35,000 to effectuate a full and complete compromise and settlement of all matters in dispute.

7.      Ms. Ayers understands and agrees that this Release shall be governed by, and shall be construed in accordance with, the laws of the State of Tennessee without regard of its choice of law rules.

8.      Ms. Ayers understands that this Release has legal consequences to her and that upon accepting the sum of $35,000, she will be entitled to no additional payments or other benefits or entitlements with respect to the Claims or the Policy.

9.      Ms. Ayers acknowledges that she has had the opportunity to discuss this Release with independent counsel or attorneys of her choice, and has either discussed this matter or voluntarily elected to not discuss this Release with independent

>counsel. Ms. Ayers understands and agrees that ZC Sterling and Empire are and have been represented by counsel during the negotiations of this Release and acknowledges that no legal opinions or advice or pressure has been given or applied by said attorneys.
>
>10. Ms. Ayers acknowledges, represents and warrants that no portion of any claim, demand, cause of action, or other matter that she Releases under this agreement, nor any portion of any payment, recovery, or settlement to which she might be entitled, has been assigned or transferred to any other person or entity, either directly or indirectly, including, but not limited to, by way of subrogation or operation of law.

(Mot. to Enforce Settlement, Ex. C at 1-3.) Each numbered paragraph was initialed by the Plaintiff.

Based on its *de novo* review, the undersigned finds, as did the magistrate judge, that agreement was reached among the parties as to all material terms. The release clearly stated, and the Plaintiff agreed, that, upon accepting the sum of $35,000 she would be entitled to no additional funds from the Defendants. The Court further finds that Ayers has failed to establish that the settlement agreement into which she entered with the Defendants was anything but valid. Rather, her objections reveal only that she simply changed her mind, hoping to receive more proceeds. That ground is insufficient to render the agreement unenforceable. *See* Girard v. Michigan Dep't of Corr., No. 96-71343, 1997 WL 1068633, at *4 (E.D. Mich. Oct. 9, 1997), *aff'd* 172 F.3d 48 (6th Cir. 1998) (plaintiff's request for release from settlement agreement on grounds he had changed his mind inadequate). Therefore, the objections of the Plaintiff to the report and recommendation are overruled.

The Court ADOPTS the recommendation of the magistrate judge and GRANTS the Defendants' motion to enforce settlement. This matter is hereby DISMISSED.

IT IS SO ORDERED this 4th day of June 2010.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE